**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    CASE NO. 26-11867-RAM

BLOOM HOTELS 6060, LLC,[1]                Chapter 11

      Debtor.

_____/

**DEBTOR'S *EXPEDITED* MOTION TO APPROVE**
**PREMIUM FINANCING AGREEMENT AND GRANT RELATED RELIEF**

> **Requested Hearing: Thursday, March 19, 2026, at 10:00 a.m. along with other previously scheduled matters. *See* ECF Nos. 21, 22.**
>
> **Reason for Exigency: The Debtor requests expedited attention to this matter to obtain an order authorizing financing of its insurance premiums to protect estate assets and to meet secured lender and UST requirements. The requested hearing date and time coincide with another insurance related matter previously scheduled for hearing in this case. The requested relief is in the best interests of the Debtor's estate and is routinely approved in this District under similar circumstances.**
>
> **Pre-Filing Conferral: The Debtor's counsel conferred with the UST's and secured lender's counsel prior to filing and the UST did not oppose the requested hearing date and the secured lender's counsel advised that he would confer with his client on the matter. The Debtor's counsel will continue to work with interested parties to narrow or resolve issues prior to the hearing.**

Bloom Hotels 6060, LLC, debtor and debtor-in-possession ("Debtor"), pursuant to 11 U.S.C. §§ 105, 362, 363, 364, Bankruptcy Rules 4001. 6003 and 6004, Local Rules 9013-1(F), (H), and the applicable court guidelines, respectfully moves this Court for entry of an order,

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BLOOM HOTELS 6060, LLC (4660). The mailing address and principal place of business of the Debtor is 2937 SW 27th Ave, Ste 201, Coconut Grove, FL 33133.

substantially in the form of the proposed order attached as *Exhibit A*, approving the Premium Financial Agreement ("Financing Agreement"), a true and correct copy of which is attached as *Exhibit B,* as modified in the proposed order, with IPFS Corporation ("Lender") and granting related relief. In support of this Motion, the Debtor states as follows:

## I. OVERVIEW AND SUMMARY OF AGREEMENT WITH LENDER

1. The Debtor's real property and improvements located at 6060 Indian Creek Drive, Miami Beach, Florida 33140 ("Property") are vacant, non-operating, partially gutted, and will be substantially renovated in the near term.

2. To meet its secured lender's insurance related requirements and to substantially satisfy the Insurance Guidelines of the Office of the United States Trustee ("UST"), the Debtor has secured general liability and excess insurance and property insurance ("Insurance Program").

3. To pay for the Insurance Program, the Debtor seeks to enter into the Financing Agreement, as modified in the proposed order, with Lender, which contains the following material terms:

| SUMMARY OF MATERIAL TERMS OF FINANCING AGREEMENT ||
|---|---|
| **Amount** | $87,878.50 |
| **Down Payment** | $25,000.00 |
| **Principal** | $62,878.50 |
| **Interest Rate** | 8.170% |
| **Term** | 9 Monthly Payments |
| **Payments** | $7,251.78 |
| **Total Financed** | $63,098.65 |
| **Collateral** | Right, title and interest to the scheduled policies, including (but only to the extent permitted by law): (a) all money that is or may be due insured because of a loss under any such policy that reduces the unearned premiums (subject to the interest of any applicable mortgagee or loss payee), (b) any unearned premium under each such policy; (c) dividends which may become due insured in connection with any such policy and (d) interests arising under a state guarantee fund |
| **Stay Relief** | Yes, modification to the extent necessary to implement rights under the Financing Agreement |

2

## II.    JURISDICTION, VENUE, AND CORE PROCEEDING

4.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

7.    The statutory basis for the requested relief includes 11 U.S.C. §§ 105(a), 362, 363, and 1107; Bankruptcy Rules 4001, 603, 6004, 9013, Local Rules 9013-1, and the application court guidelines.

## III.    PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

8.    The Debtor owns the Property, which was most recently operated as a hotel under prior ownership but closed during the COVID-19 pandemic and has remained non-operational and vacant since that closure. The Property was recently valued at $38 million and is encumbered by secured debt in the principal amount of $21 million.

9.    The secured lender, in a forbearance agreement dated June 1, 2024, agreed to the following Insurance Program on the Property, *which specifically deleted the requirement for windstorm coverage*:

> 7.    **Insurance.**
>
> a.    Notwithstanding anything in the Loan Agreement or the other Loan Documents:
>
> (i)    Windstorm coverage shall not be required. Accordingly, Section 6.1.1(a)(ix) of the Loan Agreement is hereby deleted.
>
> (ii)    Property insurance on the Improvements and the Personal Property pursuant to Section 6.1.1(a)(i) of the Loan Agreement shall be in a coverage amount of $10,000,000 (Replacement Cost Estimate/RCE).
>
> (iii)    Commercial general liability insurance pursuant to Section 6.1.1(a)(ii) of the Loan Agreement shall be in a coverage amount of $1,000,000 per occurrence limit/$2,000,000 aggregate limit, with $5,000,000 umbrella coverage layered over the immediately foregoing limits.
>
> FORBEARANCE AND LOAN MODIFICATION AGREEMENT DATED JUNE 1, 2024
>
> 6

10.    The Debtor filed this Chapter 11 case on February 16, 2026 ("Petition Date") to preserve its value for all creditors and parties-in-interest, which it intends to do by obtaining

financing sufficient to pay its secured debt and other creditors through a Chapter 11 plan pursuant to the Bankruptcy Code.

11.    The Debtor continues to function as debtor-in-possession and no official committee or trustee have been appointed.

12.    The Debtor timely filed its Schedules and Statement of Financial Affairs on March 2, 2026 and completed the Initial Debtor Interview ("IDI") on March 3, 2026. *See* ECF No. 18.

13.    Following the IDI, the UST requested that the Debtor obtain and maintain property, windstorm, and flood insurance on the Property pursuant to the standard UST Insurance Guidelines. The Debtor filed a motion to modify the UST Insurance Guidelines to exclude windstorm coverage and that motion is set for hearing on March 19, 2026 at 10:00 a.m., when the Debtor seeks to have this Motion heard by the Court. *See* ECF Nos. 21, 22.

14.    The Debtor, in the exercise of its sound and reasonable business judgment, decided to procure the general liability, excess, and property insurance policies ("Insurance Program").

15.    The Debtor, in the exercise of its sound and reasonable business judgment, and due to the current liquidity constraints, decided to obtain financing to pay for the premiums for the Insurance Program and seeks to enter into the Financing Agreement, as modified in the proposed order, with Lender to obtain the needed financing to maintain the program.

### IV.    BASIS FOR REQUESTED RELIEF

#### *Premium Financing is a Standard Practice in this District*

16.    The premium financing the Debtor seeks from the Lender is routinely approved by courts in this District. *See e.g. In re MSJ Materials, Inc.*, Case No. 25-21971-MAM [ECF No. 120]; *In re Fountains of Boynton Associates, Ltd.*, Case No. 16-11690-EPK [ECF No. 89].

4

17. This Court, like others in this District, should grant the Motion and authorize the Debtor to obtain the financing needed to maintain the Insurance Program.

***Cause Exists to Modify the Automatic Stay and Waive the Bankruptcy Rule 6004(h) Stay***

18. The Debtor requests the Court modify the automatic stay pursuant to 11 U.S.C. § 362 solely to the extent necessary to provide the Lender with the protections afforded by the Financing Agreement, as modified by the proposed order. Cause exists here to grant such relief because it is in the best interest of the Debtor's estate to obtain the necessary financing to maintain the Insurance Program, which protects the estate, its creditors, and the public.

19. Likewise, causes exists here to waive the stay pursuant to Bankruptcy Rule 6004(h) to permit the provisions of the Financing Agreement, as modified by the proposed order, to become effective upon the order's entry such that the Debtor and the Lender can immediately implement their arrangement.

## V. LOCAL RULE 9073-1(D) CERTIFICATE

20. Pursuant to Local Rule 9073-1(D), the Debtor's counsel conferred with the UST's and secured lender's counsel prior to filing and the UST did not oppose the requested hearing date and the secured lender's counsel advised that he would confer with his client on the matter. The Debtor's counsel will continue to work with interested parties to narrow or resolve issues prior to the hearing.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially similar to the proposed order attached as ***Exhibit A***: (i) granting the Motion; (ii) authorizing the Debtor to enter into the Financing Agreement, attached as ***Exhibit B***, as modified by the proposed order; (iii) modifying the automatic stay under 11 U.S.C. § 362 to the extent necessary to provide the Lender protections under the Financing Agreement, as modified by the proposed order; (iv) waiving the stay imposed under Bankruptcy Rule 6004(h), thereby making the order effective upon entry; and (y) granting such other and further relief as the Court deems just and proper.

Dated: March 13, 2026.

/s/*Kristopher E. Pearson*
Kristopher E. Pearson, Esq.
Fla. Bar. No. 16874
kpearson@dvcattorneys.com
DAMIAN | VALORI | CULMO
1000 Brickel Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960

*Counsel for the Debtor and Debtor in Possession Bloom Hotels 6060, LLC*