**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                  Chapter 11

BLOOM HOTELS 6060, LLC,[1]                              CASE NO. 26-11867-RAM

    Debtor.

_____/

**[PROPOSED] ORDER GRANTING DEBTOR'S EXPEDITED**
**MOTION TO APPROVE PREMIUM FINANCING AGREEMENT**

THIS MATTER came before the Court for hearing on March 19, 2026 at 10:00 a.m. ("Hearing") upon the *Debtor's Motion to Approve Premium Financing Agreement and Grant Related Relief* [ECF No. ___] (the "Motion"). The Court, having reviewed the Motion and finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BLOOM HOTELS 6060, LLC (4660). The mailing address and principal place of business of the Debtor is 2937 SW 27th Ave, Ste 201, Coconut Grove, FL 33133.

28 U.S.C. § 157(b)(2); (d) notice of the Motion and hearing thereon was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the requested relief, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Debtor is **AUTHORIZED** but not directed to enter into and perform under the Financing Agreement (attached to the Motion) as modified by this Order.

3. Section 2 of the Financing Agreement is **DELETED**.

4. Section 4 is **MODIFIED** such that the Financing Agreement is effective as of the date of entry of this Order.

5. Section 6 of the Financing Agreement is **DELETED** and replaced with the following:

> Notwithstanding anything to the contrary in this Agreement, in the event of an alleged default by Insured, the Lender must deliver prior written notice of same ("Default Notice") to the insured c/o Richard Valdes, at richard@circlecapitalpartners.com, with copies to: (a) Insured's general bankruptcy counsel, Kristopher E. Pearson, Esq., at kpearson@dvcattorneys.com; (b) the office of the United States Trustee, c/o Steven D. Schneiderman, at steven.d.schneiderman@usdoj.gov; and Secured Lender's bankruptcy counsel, Kenneth G.M. Mather, at kmather@gunster.com. Insured shall have three (3) business days after receipt of the Default Notice to cure the alleged default or commence to cure if such alleged default cannot be cured within such period of time and failure by Insured to do so, Lender make seek court approval for cancellation upon shortened notice.

6. Section 16 is **MODIFIED** to delete subsection (d).

7. Section 17 is **MODIFIED** to require bankruptcy court approval of any additional advances other than those set forth in the Financia Agreement attached to the Motion.

8. The Debtor is **AUTHORIZED**, but not required, to pay any and all amounts due under, and to take other actions reasonably necessary to establish, honor, and maintain the Financing Agreement, consistent with the terms of this Order.

9. Any payments authorized by this Order or otherwise relating to the relief requested in this Motion shall, as applicable, be subject to any interim or final orders or stipulations authorizing the Debtor's use of cash collateral.

10. The Lender is hereby granted a first and only priority security interest in all unearned premiums and dividends that may become payable under the applicable financed insurance Policies for whatever reason and loss payments that reduce the unearned premiums, which to any applicable loss payee interests.

11. As set forth in this Order, the Lender and any applicable insurance provider must obtain an order from the bankruptcy court, on shortened notice, for any cancellation of any agreement or policy subject to his Order.

12. The Lender and any applicable insurance provided is prohibited from exercising any "self-help" remedies under any applicable law relating to the Financial Agreement or any applicable insurance policies subject to this Order.

13. Except as set forth in this Order, the full rights of the Lender pursuant to controlling state law and the Financing Agreement are fully preserved, protected and remain unimpaired by the pendency of this Chapter 11 case, the appointment of a trustee, or the conversion of this case to a Chapter 7 case.

14. Except as expressly provided otherwise herein, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by any of the Debtor's

3

insurance carriers, the Lender, any other agents or brokers employed by the Debtor, or any other third party relating to the Insurance Program or Financing Agreement, as modified by this Order.

15. The automatic stay pursuant to 11 U.S.C. § 362 is **MODIFIED** to the extent necessary for the Lender to obtain rights under the Financing Agreement, as modified by this Order.

16. Notwithstanding the provisions of Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

###

Submitted by:

Kristopher E. Pearson, Esq.
Fla. Bar. No. 16874
kpearson@dvcattorneys.com
DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).